## Case No. 1,833.

### BRENT v. ARMFIELD.

[4 Cranch, C. C. 579.][1]

Circuit Court, District of Columbia. Oct. Term, 1835.

DOMICILE—SLAVERY—TITLE TO SLAVE.

1. A person cannot be a resident of two states at the same time.

───────

[1] [Reported by Hon. William Cranch, Chief Judge.]

2. In order to protect the title of the sojourner to his slave, brought in under the 4th section of the Maryland act of 1796, c. 67, it is not necessary that he should bring the slave with him.

3. The title of the defendant to the slave is not protected by the 4th section of the act, if he suffer the slave to remain two years after he himself has returned.

This was a petition for freedom. The defendant [John Armfield] claimed under Mr. Ariss Buckner, of Virginia.

The petitioner [Rachel Brent] claimed freedom by having been brought into the county of Washington, D. C., by Mr. Buckner, from Virginia, to reside, or for sale, contrary to the first section of the Maryland act of 1796, c. 67.

The defendant claimed a right to bring in his slaves, under the 2d section of the act; as being a person coming into Washington with a bona fide intention of settling therein; and if not with intention to settle in Washington, he claimed the right, under the 4th section, as a sojourner.

THE COURT (THRUSTON, Circuit Judge, absent), at the prayer of Mr. Key, for the petitioner, instructed the jury that Mr. Buckner could not be a settled and bona fide resident in Virginia and Washington at the same time, within the meaning of the 2d section of the act; and that, in order to find for the defendant upon that section, they must be satisfied, by the evidence, that when he removed to Washington he intended to renounce his residence in Virginia, and become a bona fide resident of another place.

Mr. Taylor [for the defendant] then prayed the court to instruct the jury, that if, from the evidence aforesaid, the jury should believe that he said Ariss Buckner removed to Washington as a sojourner, then he was not entitled, under the 4th section of the Maryland act of 1796, c. 67, to import the petitioner, unless he brought her with him for his own use at the time of his removal. Which instruction, THE COURT refused to give; but, at the prayer of Mr. Key, for the petitioner, instructed the jury in substance, that the defendant was not protected under the said 4th section of that act, if the said Ariss Buckner returned and removed his family to Virginia in December, 1830, and left the petitioner hired out in Washington till June, 1832, and he did not attempt to remove her until that time when he sent for her.

Verdict for the petitioner.

═══════

BRENT (BANK OF THE METROPOLIS v.). See Case No. 900.

BRENT (BANK OF THE UNITED STATES v.). See Case No. 910.